IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS L. REED, SR., | ) | |
| Plaintiff, | ) | Civil Action No. 12-49 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER DAVID SMITH, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

### MEMORANDUM ORDER[1]

**M.J. Susan Paradise Baxter**

*Procedural History*

This case was filed in this Court on February 16, 2012, by *pro se* Plaintiff Thomas Reed. In his original complaint, Plaintiff complains of "false imprisonment, excessive force, and negligence injuries" arising out of an incident which occurred with the Erie Police on January 12, 2012. ECF No. 5. Plaintiff claims his constitutional rights were violated under the Fourth, Fifth and Eighth Amendments.

On April 20, 2012, Defendant Smith filed a motion seeking an order that "the civil action filed by the Plaintiff in the Court of Common Pleas of Erie County Pennsylvania at No. 10551-2012 is removed to this Court and merged with the instant civil action." ECF No. 11-3. As part of his "removal," Defendant provided a copy of the complaint filed in the Court of Common Pleas. That complaint arises out of the same occurrence on January 12, 2012, but Plaintiff is

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff has voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 6, 19.

1

seeking damages "for physical pain - mental anguish false imprisonment." The Plaintiff does not seek relief under any federal law.

By Order dated April 24, 2012, I denied the motion for removal citing 28 U.S.C. § § 1446, 1447. ECF No. 13. Defendant filed a motion for reconsideration. ECF No. 14. In order to prevail on a motion for reconsideration, the movant must show: "1) an intervening change in the controlling law; 2) the availability of new evidence that was not available when the court made its initial decision; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Here, Defendant's motion for reconsideration does not cite a change in law, the availability of new evidence, or the need to correct a clear error. Additionally, the removal statutes do not contemplate removing a case from state court to "merge" it with an existing case in federal court. Accordingly, the motion for reconsideration is denied.

Shortly after the filing of the motion for reconsideration, Defendant filed a motion to dismiss arguing that Plaintiff's complaint is so lacking in specificity that it fails to state a claim. ECF No. 15. In response to the motion to dismiss, Plaintiff filed a motion to amend the complaint. ECF No. 21. The motion itself is the proposed amended complaint[2] and provides

---

[2] *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.

further details on Plaintiff's claims originally brought in the initial complaint, essentially fulfilling Defendant's implied request for a more definite statement. Plaintiff's motion to amend will be granted and the motion to dismiss will be dismissed as moot.

      An appropriate Order follows.

---

1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS L. REED, SR., ) | |
|     Plaintiff, ) | Civil Action No. 12-49 Erie |
| ) | |
| v. ) | |
| ) | |
| OFFICER DAVID SMITH, et al., ) | Magistrate Judge Baxter |
|     Defendants. ) | |

**O R D E R**

AND NOW, this 6th day of June, 2012;

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [ECF No. 14] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to amend the complaint [ECF No. 21] is GRANTED and the motion to amend shall serve as the Amended Complaint.

IT IS FURTHER ORDERED that Defendant's motion to dismiss [ECF No. 15] is dismissed as moot in light of the filing of an Amended Complaint.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge